[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14218

Non-Argument Calendar

_____

GLENN HOWELL,

Plaintiff-Appellee,

*versus*

VICTOR HILL,
Clayton County Sheriff; in his official
and individual capacities,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cv-02662-WMR

————————————

Before LUCK, ANDERSON, and ED CARNES, Circuit Judges.

PER CURIAM:

Glenn Howell, who was a pretrial detainee at the Clayton County Jail in 2020, asserted a 42 U.S.C. § 1983 claim against the former sheriff of Clayton County, Victor Hill, in his individual capacity, based on his alleged use of excessive force in violation of the Fourteenth Amendment. Howell contends that the sheriff left him handcuffed in a restraint chair for more than four hours solely for the purpose of punishment and even though Howell was compliant and nonresistant. Hill filed a motion for summary judgment based on qualified immunity, which the district court denied. This is Hill's interlocutory appeal of the denial of qualified immunity.

Hill is not entitled to qualified immunity if he violated Howell's constitutional rights and if those rights were clearly established. *See Nelson v. Tompkins*, 89 F.4th 1289, 1296 (11th Cir. 2024). While Hill's appeal in this case was pending, this Court issued a decision in a different appeal that affirmed Hill's criminal conviction under 18 U.S.C. § 242. *See United States v. Hill*, 99 F.4th 1289 (11th Cir. 2024); *see also* 18 U.S.C. § 242 (imposing criminal liability when a person acts under color of law to willfully deprive another person of their constitutional rights). Hill's conviction arose from his punishment of Howell and five other compliant, nonresistant detainees by leaving them in a restraint chair for hours at a time.

*See Hill*, 99 F.4th at 1292. In that case we held it was clearly established that Hill's use of force against Howell and the other detainees was constitutionally excessive. *See id.* at 1300.

We explained that a conviction under 18 U.S.C. § 242 requires that binding precedent give "the defendant 'fair warning' that his actions violated constitutional rights." *Id.* at 1300. And we recognized the Supreme Court's directive that, "'[t]he standard for determining the adequacy of that warning [is] the same as the standard for determining whether a constitutional right was 'clearly established' in civil litigation under § 1983.'" *Id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)).

We concluded that Hill had "'fair warning' that the use of restraint chairs on compliant, nonresistant detainees inflicted excessive and thus unconstitutional force." *Id.* One of those detainees was Howell. *Id.* at 1296–97. This Court has now held that clearly established law put Hill on notice that the use of a restraint chair under the specific circumstances of this case was an unconstitutional use of force in violation of the Fourteenth Amendment. *See Hill*, 99 F.4th at 1301.

The *Hill* decision was published, and we are bound by its holdings. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1292 (11th Cir. 2005) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court

4                    Opinion of the Court                    23-14218

sitting en banc or by the Supreme Court."). The district court's judgment denying qualified immunity to Hill is **AFFIRMED**.